JACK AND JILL TOGS, INC. *v.* UNITED STATES (W. T. GRANT CO., PARTY IN INTEREST) (No. 5009) [1]

---

[1] C.A.D. 749.

United States Court of Customs and Patent Appeals, July 20, 1960

*Lamb & Lerch* (*John G. Lerch*, of counsel) for appellant.
*Sharretts, Paley & Carter*, *W. R. Johnson* (*Howard Clare Carter*, of counsel) for appellee.

[Oral argument April 6, 1960, by Mr. Lerch and Mr. Carter]

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Associate Judges, and Judge WILLIAM H. KIRKPATRICK.[2]

MARTIN, Judge, delivered the opinion of the court:

Appellant filed an American manufacturer's protest under the provisions of section 516(b) of the Tariff Act of 1930, to the classification of certain corduroy overalls, crawlers and slacks under the provisions of paragraph 919, claiming them to be more properly dutiable under paragraph 909, to which a higher rate of duty attaches. The Customs Court found the collector's classification to be correct, and it is from that judgment that this appeal is taken.[3]

The competing provisions are:

Paragraph 909. Pile fabrics (including pile ribbons), cut or uncut, whether or not the pile covers the entire surface, wholly or in chief value of cotton, and all articles, finished or unfinished, made or cut from such pile fabrics, all the foregoing, * * * if corduroys, * * *.

Paragraph 919 (as modified by T.D. 51802). Clothing and articles of wearing apparel of every description, manufactured wholly or in part, wholly or in chief value of cotton, and not specially provided for, * * *.

The Customs Court properly characterized the issue before us as being "primarily one of law." More particularly the question to be decided here is which of the two paragraphs quoted above is more specific as respects cotton corduroy wearing apparel. The court reviewed a number of prior decisions of its own, as well as ours, and found that the goods were "more specifically provided for as wearing apparel of every description despite the * * * [n.s.p.f. clause]," than as all articles made from corduroys. Additionally, reference was made to the Summary of Tariff Information, 1929, to show that the n.s.p.f. clause of paragraph 919 was present to avoid conflicts with enumerated articles of wearing apparel such as garters, suspenders, braces, knit goods, handkerchiefs, lace, etc. Thus the use provision of paragraph 919, though modified by a n.s.p.f. clause, was found to be more specific than the general descriptive provisions of paragraph 909 which was said to be "couched in terms of composition."

[2] United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate *in place of Judge O'Connell*, pursuant to provisions of Section 294(d), Title 28, United States Code.

[3] A holding made by the Customs Court with respect to alleged jurisdictional defects in the protest was not cross-appealed, and as such is not before us.

The issue may be stated thusly: Is cotton corduroy clothing more specifically provided for as cotton wearing apparel of every description, n.s.p.f. than as cotton articles made of corduroy? Appellant is of the opinion that the descriptive provision of paragraph 909 is more specific than the use designation, modified by a n.s.p.f. clause, of paragraph 919. W. T. Grant,[4] the party in interest, contends that paragraph 919 is the controlling paragraph.

In *United States* v. *Lansen-Naeve Corp.*, 44 CCPA 31, C.A.D. 632, relied on by both parties, this court held that cylindrical steel rolls, ground and polished, were properly classified under paragraph 344 of the Tariff Act of 1930 which provides for

Cylindrical steel rolls ground and polished, valued at 25 cents per pound or over, * * *,

rather than under paragraph 372 of that act, as modified by T.D. 51802, which provides for

Machine tools (except jig-boring machine tools) _____ 15% ad val.

 *  *  *  *  *  *

Parts, *not specially provided for*, wholly or in chief value of metal or porcelain, of articles provided for in any item 372 of this Part: * * *. [Emphasis ours.]

In so doing, this court stated:

With the principle of law invoked by the lower court, we are in complete accord. A well settled rule of specificity is that a use provision prevails over a descriptive or *eo nomine* provision, *United States* v. *Snow's United States Sample Express Co., supra,* unless there is a clearly expressed congressional intent to the contrary. *United States* v. *Pfaltz & Bauer (Inc.), et al.,* 16 Ct. Cust. Appls. 358, T.D. 43091; *United States* v. *John H. Faunce (Inc.) et al.,* 21 C.C.P.A. (Customs) 80, T.D. 46395.

This rule, however, cannot be applied to the instant situation. The narrow issue confronting this court is not whether a use provision should prevail over a descriptive provision, but whether a use provision *qualified by a not specially provided for clause* should prevail over a competing descriptive designation.

 *  *  *  *  *  *  *

This principle is subject only to the qualification that the competing provision must be more than an unlimited general description of the merchandise. * * * That is to say, the goods must actually be *specially* provided for.

We agree with this analysis of the law and believe that it applies to the facts in the case at bar. Paragraph 919 is a "use" provision modified by a n.s.p.f. clause. Its subject matter is "Clothing and articles of wearing apparel of every description" manufactured of cotton, which describes the importations. Therefore, in order for the competing provision to prevail it must provide *more specifically* for the imported articles of clothing and wearing apparel before us. This conclusion is borne out by the Summary of Tariff Information, 1929, which was available to the Congress when it enacted the

---

[4] The United States filed no brief here and took no part in the argument.

1930 act. The Summary stated, with reference to paragraph 919 of the 1922 act:[5]

Paragraph 919 covers clothing and articles of wearing apparel of every description, in chief value of cotton, not specially provided for. Articles specially provided for elsewhere are garters, suspenders, braces, and other manufactures of narrow wares (par. 913); knit goods (pars. 915, 916, 917); handkerchiefs (par. 918); and apparel ornamented with embroidery, lace, etc. (par. 1430).

Hence, to resolve the issue here we must determine whether clothing and articles of wearing apparel are more specifically provided for in paragraph 909. Paragraph 909 does not specifically provide for or even mention clothing or wearing apparel. It is a provision which covers the classification generally of pile fabrics and *any* articles made therefrom, and insofar as the merchandise at bar is concerned it contains nothing more "than an unlimited general description of the merchandise."

In view of the foregoing, we are of the opinion that the importations were correctly classified under paragraph 919 and, therefore, the decision of the Customs Court is *affirmed*.

---

[5] Paragraphs 919 of the 1922 and 1930 acts with respect to "Clothing and articles of wearing apparel," except for minor differences in terminology, are the same.

